Mr. Justice.Ucn/,
dissenting, delivered the following opinion:
This is a motion to rescind an order I made at Chambers, on the 8th instant, for leave to file an information in *66 nature of a writ of quo xvarranto ; ami as a majority of the Judges have been against me on that point, I have only to say, that it becomes me respectfully to submit to the opinion of that majority* The application was to my7 discretion as one of the Judges of the State; and in the exercise of it, I was governed by the best judgment I could then form upon the subject. If I had refused the application, it might have been said on one hand, that it would have amounted to a denial of right, and have been closing the door of justice against an oppressed man j while on the other hand again, it was contended and urged, that the case was not now open for further investigation, as it had been previously determined by the Board of Managers appointed by the Legislature, whose decision, it was alleged, was final and conclusive. In this confliction of sentiment, I confess I did not choose to take upon myself alone,- the responsibility of shutting out forever, all chance of further investigation ; but thqught it most advisable, under all the circumstances, to make such a decision as would admit of an appeal to a full bench, before whom, (if I should have erred in opinion,) an opportunity would be afforded of correcting such error, and of fixing a principle that would govern in all similar cases in future throughout the State of South-Carolina. Whereas, if I had refused the motion, it would have been deciding alone, and talcing all the responsibility upon myself; which could mót, in the nature of things, be so satisfactory to the citizens of the State as the course which has been pursued, by which means this subject has again come in review before ali the Judges; a majority of whom have put this question at rest. I was not unaware of the Georgetown case, (Grier & Shackleford,) but that was a new case, and although I concurred in it, I did not think it so conclusive, in cases where flagrant abuses were alleged, as to prevent the superintending power of this Court from being occasionally exercised for the cor- , rection of such abuses. It was not my intention, however, to give any opinion on the merits of the question on either side, nor did I hint at it in the remotest degree y my onlv *67 view was, to give the parties a more full and satisfactory bearing before a jury of the country, agreeably to the rules oflaw. In the Georgetown case, it was determined, that a majority of the managers had a right to determine the contested election; and that it was the intention of the Legislature that a majority of the managers should finally decide. In that case, however, the whole of the mana* gers were present when the decision was made. In the present case, a new principle has been determined, which did not arise on that question ; here it has been determined, not only that the majority should 'decide finally, but that a majority of that majority shall be equally decisive and final as if the majority of the whole should have determined it, although the latter majority should be a minority of the whole body of managers. So that in future, if the Legislature should appoint eight managers to conduct the election in any district in the State, and five out of the eight were to attend to count the votes, and declare the persons elected, the determination of any three out of the five shall finally determine the election. This is carrying the principle much further than was ever hinted at in the Georgetown case, and is one to which I can never yield my assent, until sanctioned by the Legislature,